876 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
W.S. SMITH ELECTRIC, INC., Respondent.
 No. 89-5401.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1989.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 
 1
 JUDGMENT ENFORCING ORDERS OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, W.S. Smith Electric, Inc., Clare, Michigan, its officers, agents, successors, and assigns, enforcing its order dated July 29, 1988, and its supplemental order dated December 30, 1988, in Case No. 7-CA-27671, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondent, W.S. Smith Electric, Inc., Clare, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 4
 (a) Failing and refusing to make fringe benefit fund contributions as required by its collective-bargaining agreement with the Union.
 
 
 5
 (b) Failing and refusing to remit checked off dues to the Union as required by its collective-bargaining agreement with the Union.
 
 
 6
 (c) Failing and refusing to remit checked off dues to the Union pursuant to valid dues-checkoff authorizations executed by its employees.
 
 
 7
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 8
 2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act.
 
 
 9
 (a) Make all the contributions to fringe benefit funds required by its collective-bargaining agreement with the Union, as provided in the remedy section of the Board's Decision.
 
 
 10
 (b) Remit to the Union the dues it deducted from its employee's wages while the collective-bargaining agreement was in effect, as provided in the remedy section of the Board's Decision.
 
 
 11
 (c) Remit to the Union the dues it deducted from its employees' wages after September 3, 1987, as provided in the remedy section of the Board's Supplemental Decision.
 
 
 12
 (d) Make unit employees whole for any loss of benefits or other expenses suffered as a result of the Respondent's failure to make the fringe benefit fund contributions required by its collective-bargaining agreement with the Union, as provided in the remedy section of the Board's Decision.
 
 
 13
 (e) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amounts due under the terms of this Judgment.
 
 
 14
 (f) Post at its facility in Clare, Michigan, copies of the attached notice marked "Appendix." Copies of notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 15
 (g) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 16
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 APPEALS ENFORCING ORDERS OF THE NATIONAL LABOR
 RELATIONS BOARD
 An Agency of the United States Government
 
 17
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 18
 WE WILL NOT fail and refuse to make fringe benefit fund contributions as required by our collective-bargaining agreement with the Union.
 
 
 19
 WE WILL NOT fail and refuse to remit checked off dues to the Union as required by our collective-bargaining agreement with the Union.
 
 
 20
 WE WILL NOT fail and refuse to remit checked off dues to the Union pursuant to valid dues-checkoff authorizations executed by our employees.
 
 
 21
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 22
 WE WILL make all the contributions to fringe benefit funds required by our collective-bargaining agreement with the Union.
 
 
 23
 WE WILL remit to the Union the dues we deducted from our unit employees' wages while the collective-bargaining agreement with the Union was in effect.
 
 
 24
 WE WILL remit to the Union the dues we deducted from our employees' wages after September 3, 1987.
 
 
 25
 WE WILL make our unit employees whole for any loss of benefits or other expenses suffered as a result of our failure to make the fringe benefit fund contributions required by our collective-bargaining agreement with the Union.
 
 
 26
 W.S. SMITH ELECTRIC, INC.
 
 
 27
 __________
 
 
 28
 (Employer)
 
 Dated __________
 By __________
 
 29
 (Representative) (Title)
 
 
 30
 This is an official notice and must not be defaced by anyone.
 
 
 31
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.